**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRINA HARRISON, | No. 20-17446 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-04867-JSW |
| v. | |
| WHOLE FOODS MARKET, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted July 19, 2021[**]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Patrina Harrison appeals pro se from the district court's judgment dismissing with prejudice her action alleging various federal and state law claims arising from various incidents while shopping. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Harrison's request for oral argument, set forth in the opening brief, is denied.

Procedure 12(b)(6). *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). We affirm in part, vacate in part, and remand.

The district court dismissed Harrison's 42 U.S.C. § 1981 claim for failure to state a claim without explanation. However, Harrison alleged that she was denied the opportunity to contract because she is African American, in contrast to similarly situated white customers. These allegations are sufficient to state a claim under 42 U.S.C. § 1981 for intentional discrimination. *See Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006) (setting forth elements of a 42 U.S.C. § 1981 claim in a non-employment context). We vacate the judgment and remand for further proceedings on this claim.

The district court declined to exercise supplemental jurisdiction over Harrison's state law claims after dismissing her federal claims. *See* 28 U.S.C. § 1367(c)(3). Because we vacate the dismissal on one of Harrison's federal claims, we remand for the district court to reconsider whether it will exercise supplemental jurisdiction over Harrison's state law claims. *See Fang v. United States*, 140 F.3d 1238, 1243-44 (9th Cir. 1998).

In her opening brief, Harrison fails to address the dismissal of her remaining claims and has therefore waived her challenge to the district court's order regarding those claims. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually

argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**